UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| JAMES E. BURNES, | : |
| :-- | :-- |
|     Plaintiff, | : |
| | : |
| v. | :     No. 3:19-CV-1470 (SRU) |
| | : |
| MARK SUDA, et al., | : |
|     Defendants. | : |

# INITIAL REVIEW ORDER

On September 19, 2019, James E. Burnes, a pretrial detainee currently confined at the Bridgeport Correctional Center in Connecticut, brought a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 against five Norwalk Police Department officers: Mark Suda, Mark Lepore, John Doe 1, John Doe 2, and John Doe 3. Compl., Doc. No. 1. Burnes seeks damages against those officers for subjecting him to excessive force during his arrest on July 19, 2018. For the following reasons, I will permit the action to proceed against defendants Mark Suda, John Doe 1, John Doe 2 and John Doe 3, but I will dismiss without prejudice the action against Mark Lepore.

I. Standard of Review

Under 28 U.S.C. § 1915A, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[p]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

II.     Facts

The defendants arrested Burnes on July 19, 2018 in Norwalk, Connecticut. Compl. ¶ 1. After a brief pursuit on foot, one of the defendants shot Burnes with a taser, causing him to fall to the ground. *Id.* at ¶ 2. Officer Doe 3, who went by the alias "Powder,"[1] and Officer Doe 2 held Burnes on the ground and punched him multiple times in the face and back of the head while handcuffing him. *Id.* at ¶ 3. At no time was Burnes resisting arrest. *Id.* at ¶ 4.

Burnes was later accused of having narcotic substances on his person, but those narcotics were placed near his head after the defendants handcuffed him. Compl. ¶ 5. Officers Suda, Doe 1, Doe 2, and Doe 3 began celebrating and "high-fiving" each other. *Id.* at ¶ 6. At that moment, Burnes picked up the drugs with his mouth. *Id.* This prompted Suda and Does 1, 2, and 3 to punch him in the face and command him to open his mouth. *Id.* at ¶ 7.

After punching him several times, Suda directed the other officers to once again use the taser on Burnes in order to get him to open his mouth. Compl. ¶ 8. Burnes remained face-down on the ground and handcuffed. *Id.* Before the taser was deployed, Suda put his left hand over Burnes's mouth and said that Burnes was biting him, but Burnes never bit Suda. *Id.* at ¶¶ 9-10. Doe 1 then shot Burnes with the taser, and Burnes surrendered the narcotics. *Id.* at ¶¶ 11-12.

---

[1] I assume that "Powder" is, in fact, Officer John Doe 3 because he is the only other unidentified defendant besides John Doe 1 and John Doe 2, who are both mentioned in the body of the complaint.

Doe 2 then picked up Burnes by the helmet he had been wearing but then let go of the helmet, causing Burnes to fall face-first on the ground. *Id.* at ¶ 13.

Burnes was transported to Norwalk Hospital where he received treatment for his injuries. Compl. ¶ 14. The defendants' use of the taser on Burnes during the arrest was not documented in the arrest reports. *Id.* at ¶ 15.

III. Analysis

Burnes claims that the defendants subjected him to excessive force, in violation of his Fourth Amendment protection against unreasonable seizures, and his Fourteenth Amendment right to due process. Compl. at 6. He is also pursuing state law claims of assault and battery against the defendants. *Id.*

As an initial matter, Burnes's Fourteenth Amendment due process claim is subject to dismissal because it alleges the same set of facts as his Fourth Amendment excessive force claim. "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing'" that claim. *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Accordingly, I will consider only whether plaintiff has stated a plausible Fourth Amendment excessive force claim against defendants.

"The Fourth Amendment's protection against unreasonable seizures prohibits the use of excessive force by [law enforcement] officers in arresting suspects." *Orr v. Waterbury Police Dep't*, 2018 WL 780218, at *5 (D. Conn. Feb. 8, 2018) (citing *Hemphill v. Scott*, 141 F. 3d 412, 416-17 (2d Cir. 1998)). To state a Fourth Amendment claim for excessive force, the plaintiff must allege facts showing that the defendants' use of force was "objectively unreasonable." *Id.*

3

(quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)). The "reasonableness" of the use of force must be judged from the perspective of a reasonable officer on the scene. *Id.* (citing *Graham*, 490 U.S. at 396). It "requires consideration of the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether the suspect is actively resisting arrest or attempting to evade arrest by flight." *Id.* (quoting *Hemphill*, 141 F.3d at 417).

Burnes has stated a plausible excessive force claim against Suda, Doe 1, Doe 2, and Doe 3 based on allegations that they punched him several times and shot him with a taser while he was handcuffed on the ground and, at one point, caused him to fall face-first on the ground. Those allegations support an inference that the defendants' use of force on July 19, 2018, was objectively unreasonable. Accordingly, the excessive force claim may proceed against Suda, Doe 1, Doe 2, and Doe 3.

However, Burnes has not alleged any facts against the fifth defendant, Officer Mark Lepore. "It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith,* 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). I will dismiss the action against defendant Lepore without prejudice to repleading. Plaintiff may file an amended complaint that alleges the personal involvement of defendant Lepore in the alleged excessive force claim within 30 days of this order as set forth below.

**ORDERS**

In accordance with the foregoing, the court enters the following orders:

(1) The case shall proceed on the Fourth Amendment claim for excessive force against Suda, Doe 1, Doe 2, and Doe 3 in their individual capacity for damages. The Fourth Amendment claim for excessive force against Lepore is dismissed without prejudice. To the extent plaintiff believes he can allege facts showing a plausible claim against defendant Lepore that cures the factual deficiency described in this order, he may file an amended complaint with **thirty (30) days.** The second amended complaint must be labeled as such and contain all factual allegations and legal claims. Failure to file a second amended complaint within **thirty (30) days** from the date of this Order will result in the dismissal of the claims against defendant Lepore. The Fourteenth Amendment due process claim against all defendants is dismissed with prejudice.

(2) **Within twenty-one (21) days of this Order**, the Clerk shall mail: a waiver of service of process request packet, including a copy of the complaint and this Order to defendant Suda in his individual capacity at the Norwalk Police Department, 1 Monroe Street, Norwalk, CT 06854. The Clerk shall report to the Court on the status of the waiver requests on the **thirty-fifth (35th) day** after mailing. If defendant Suda fails to return the waiver request, the clerk shall make arrangements for in-person service by the U.S. Marshals Service on defendant Suda, and defendant Suda shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) The clerk shall mail a courtesy copy of the complaint and this Order to the DOC Office of Legal Affairs.

(4) Defendants shall file their response to the complaint, either an answer or motion to

dismiss, within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to them. If defendants choose to file an answer, defendants shall admit or deny the allegations and respond to the cognizable claim recited above. Defendants may also include any and all additional defenses permitted by the Federal Rules.

(5) Discovery, according to Federal Rules of Civil Procedure 26-37, shall be completed within **six months (180 days)** from the date of this Order. Discovery requests need not be filed with the Court.

(6) The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which will be sent to both parties by the Court. The Order can also be found at http://ctd.uscourts.gov/administrative-standing-orders.

(7) All motions for summary judgment shall be filed within **seven months (210 days)** from the date of this Order.

(8) According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9) If Mr. Burnes changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the Court. Failure to do so can result in the dismissal of the case. Mr. Burnes must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to put the new address on a letter without indicating that it is a new address. If Mr. Burnes has more than one pending case, he should indicate all of the case numbers in the notification of change of address. He should also notify the defendants or defense counsel of his new address.

(10) The Clerk cannot effect service on a Doe defendant without that defendant's full name and current work address. Mr. Burnes is directed to obtain this information during discovery and to file a notice containing the information with the court. **Once a defendant Doe has been identified, the court will order that he or she be served with a copy of the complaint. Failure to identify a Doe defendant will result in the dismissal of all claims against that defendant.**

It is so ordered.

Dated at Bridgeport, Connecticut this 1st day of November 2019.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge